```
IN THE UNITED STATES DISTRICT COURT FOR THE
           EASTERN DISTRICT OF OKLAHOMA
```

ROBERT W. YOUNG,            )
                            )
         Plaintiff,         )
                            )
v.                          )    Case No. CIV-12-297-FHS-KEW
                            )
CAROLYN W. COLVIN, Acting   )
Commissioner of Social      )
Security Administration,    )
                            )
         Defendant.         )

## REPORT AND RECOMMENDATION

Plaintiff Robert W. Young (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on July 15, 1961 and was 49 years old at the time of the ALJ's decision. Claimant completed his high school education with special education classes. Claimant has worked in the past as a house painter. Claimant alleges an inability to work beginning July 1, 2009 due to limitations resulting from heart attacks, depression, high blood pressure, high cholesterol, and

3

back problems.

## Procedural History

On August 6, 2009, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On January 25, 2011, an administrative hearing was held before ALJ Richard J. Kallsnick in Tulsa, Oklahoma. On February 16, 2011, the ALJ issued an unfavorable decision on Claimant's application. The Appeals Council denied review of the ALJ's decision on May 8, 2012. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform a range of light and sedentary work.

## Error Alleged for Review

Claimant asserts the Appeals Council erred in failing to consider the report of a physician as "new and material evidence"

in evaluating the ALJ's decision. Alternatively, Claimant contends the ALJ failed to adequately develop the record by failing to order a consultative psychological examination as requested by counsel, especially in light of the content of the omitted physician's report.

**Consideration of the Additional Physician's Report**

In his decision, the ALJ determined Claimant suffered from the severe impairments of anxiety and depression. (Tr. 14). He also found Claimant retained the RFC to perform light and sedentary work except that he was not able to relate to the general public and was to have minimal contact with them. (Tr. 15). After consultation with a vocational expert, the ALJ determined Claimant could perform the representative occupations at the light, unskilled level of housekeeper and bench assembler and at the sedentary, unskilled level of optical goods assembler and semi-conductor assembler. (Tr. 18).

Claimant contends that the Appeals Council should have considered the report of Dr. Minor W. Gordon, a psychologist. On April 21, 2011, Dr. Gordon authored a Psychological Evaluation of Claimant. (Tr. 180-82). Dr. Gordon administered a WAIS-IV test which determined Claimant's verbal IQ at 71, performance IQ at 63, and resultant full scale IQ of 65. (Tr. 181). Dr. Gordon

5

diagnosed Claimant with mild depression secondary to his current life circumstance; mental retardation, mild; spelling disorder, NOS; reading disorder, NOS; arithmetic disorder, NOS; short term memory impairment; iatrogenic opioid dependence; and a GAF of 55. (Tr. 182).

Dr. Gordon also completed a Mental Source Statement on the same date. He found Claimant had an "extreme" limitation in the areas of understanding and remembering detailed instructions, carrying out detailed instructions, setting realistic goals or making plans independently of others, and dealing with stress of semiskilled and skilled work. Dr. Gordon also determined Claimant had "marked" limitations in maintaining attention for two hour segments, making simple work-related decisions, completing a normal workday and workweek without interruptions from psychologically based symptoms, performing at a consistent pace without an unreasonable number and length of rest periods, interacting appropriately with the general public, adhering to basic standards of neatness and cleanliness, traveling in unfamiliar places, and using public transportation. Dr. Gordon also made the notation on the evaluation that Claimant met or equaled a listing for organic mental disorder. (Tr. 183-84).

The Appeals Council stated it looked at Dr. Gordon's report of

6

April 20, 2011, but that the ALJ had decided the case through February 16, 2011 and the new information "is about a later time." As a result, the ALJ concluded Dr. Gordon's report "does not affect the decision about whether [Claimant was] disabled beginning on or before February 16, 2011."  (Tr. 2).

Additional evidence submitted after the ALJ's decision but before the administrative review by the Appeals Council must be considered if it is new, material, and related to the period on or before the date of the ALJ's decision.  Chambers v. Barnhart, 389 F.3d 1139, 1142 (10th Cir. 2004).  Whether evidence is "new, material and chronologically pertinent is a question of law subject to our *de novo* review."  Threet v. Barnhart, 353 F.3d 1185, 1191 (10th Cir. 2003).

Dr. Gordon's report is both new – it was not before the ALJ when he made his decision – and material – the ALJ's decision might reasonably have been different if the new evidence had been before him when the decision was rendered.  Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996); Cagle v. Califano, 638 F.2d 219, 221 (10th Cir. 1981).  Dr. Gordon's report contained IQ testing information and an opinion as to the effect his mental condition had upon Claimant's ability to engage in basic work activities making the report material.

The central issue remains whether the testing and Dr. Gordon's opinion - clearly rendered after the ALJ's decision - relate back to the relevant period encompassed by the ALJ's decision. Claimant contends that if the IQ testing would be considered, he would meet Listing 12.05(C) for mental retardation. Among the criteria for this Listing is a requirement that the evidence demonstrates or supports onset of the impairment before age 22, a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.05.

As one of our sister courts has found, an IQ score within the range in the regulation "is itself some evidence of mental retardation before age twenty-two." Fox v. Barnhart, 2007 WL 1063198, 5-6 (D.Kan.). Other circuit courts have stated that IQ is relatively constant and an IQ score after age twenty-two is evidence of an individual's IQ being the same before age twenty-two. *See*, Luckey v. Dept. of Health & Human Serv., 890 F.2d 666, 668 (4th Cir. 1989)("in the absence of any evidence of a change in a claimant's intelligence functioning, it must be assumed that the claimant's IQ had remained relatively constant."); Sird v. Chater, 105 F.3d 401 (8th Cir. 1997)(citing Luckey); and Hodges v.

Barnhart, 276 F.3d 1265, 1268-69 (11th Cir. 2001)(finding a presumption that IQ remains constant absent evidence of a change in intellectual functioning). Moreover, the Tenth Circuit has expressed that a claimant "is not required to affirmatively prove that he was mentally retarded prior to reaching the age of twenty two so long as there was no evidence that claimant's IQ had changed." McKown v. Shalala, 1993 WL 335788 at 3 (10th Cir. (Okla.)).

Nothing in the medical record would indicate that any event has occurred in Claimant's life which would have altered his IQ or mental state from the time of the end of the relevant period to the time Dr. Gordon administered his testing and provided his report. As a result, this Court concludes that the findings regarding in Dr. Gordon's report, particularly in regard to Claimant's IQ, relates to the period considered in the ALJ's decision. On remand, the ALJ shall consider Dr. Gordon's report and evaluate any effect his findings may have upon his decision. Should the ALJ have any question as to whether any of Dr. Gordon's findings relate to the relevant period, he should make inquiry into whether his later findings relate back to that period.

**Conclusion**

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 11th day of September, 2013.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE